FILED
JUN 12 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CEDRICK EURON DRAPER, )
)
Plaintiff, )
)
v. ) Civil Action No. 18-0735 (UNA)
)
UNITED STATES POSTAL )
SERVICE HEADQUARTERS, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff brings claims against the United States Postal Service (Headquarters). *See* Compl. at heading. Plaintiff alleges that he applied for two positions of employment posted by the defendant. *See id.* at 4, 6. As far as it can be discerned, plaintiff claims that he was damaged due to his deliberate rejection for both positions. *See id.* He contends that he was qualified for these

positions as he met most of the required credentials advertised in the job listings and/or contracts. *See id.* Plaintiff alleges that he underwent some sort of consideration process, only to be declined for failure to meet minimum standards. *See id.* He has now filed suit, bringing specific claims of fraudulent misrepresentation and tortious interference relating to contract terms associated with the two potential job positions. *See id.* at 4 (statement of claim). Plaintiff also cites statutory provisions under the Federal Tort Claims Act ("FTCA"). *See id.* at 3-4, 6.

Sovereign immunity bars a suit against the United States and its agencies except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, sets out the circumstances in which the United States may be sued for monetary relief. Plaintiff has not stated a cognizable claim to render the United States liable for damages under the FTCA.

Under the Postal Reorganization Act ("PRA"), the FTCA allows for "tort claims arising out of [Postal Service] activities." 39 U.S.C. § 409(c). The FTCA, in turn, waives sovereign immunity in certain cases involving negligence committed by federal employees in the course of their employment, 28 U.S.C. § 1346(b)(1), making the United States liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, the FTCA retains its waiver of sovereign immunity for certain categories of claims (thirteen in total). 28 U.S.C. § 2680. If one of those exceptions applies, the bar of sovereign immunity remains. *Id; see also Dolan v. U.S.P.S.*, 546 U.S. 481 (2006).

In the instant matter, plaintiff alleges that he was wronged "twice intentionally" by the defendant. *See* Compl. at 4. Plaintiff's claims are excepted from the waiver of sovereign immunity

under § 2680(h). A plaintiff may not seek monetary damages arising out of claims for "...misrepresentation, deceit, or interference with contract rights," or most other intentional torts. *Id; see, e.g., Kugel v. United States*, 947 F.2d 1504 (1991). Therefore, since such claims are explicitly excluded from the waiver of sovereign immunity under the FTCA, plaintiff is barred from bringing such claims in this matter. *See* 28 U.S.C. § 2680(h).

Plaintiff also fails to indicate that he exhausted his administrative remedies under the FTCA by "first present[ing] the claim to the appropriate Federal agency." 28 U.S.C. § 2675. Plaintiff's failure to exhaust his claim under the FTCA also deprives this Court of subject matter jurisdiction. *See Abdurrahman v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *accord Jones v. U.S.*, 296 Fed. Appx. 82, 83 (D.C. Cir. 2008) (per curiam).

For the foregoing reasons, plaintiff has failed to establish subject matter jurisdiction. As a result, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: June 11, 2018

United States District Judge